UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Gary Roberts

    v.
Case No. 09-cv-159-PB
Opinion No. 2009 DNH 138

Commissioner, NH Department
of Corrections


O R D E R


    Gary Roberts has filed a habeas corpus petition challenging
his state court conviction. The Warden has responded with a
motion for summary judgment. For the reasons set forth in this
Order, I grant the Warden's motion.

    Roberts initially objects to the fact that the Warden filed
a trial transcript with the court but did not provide him with a
copy. He also faults the Warden for seeking summary judgment
without producing a transcript of the evidentiary hearing that
the state court relied on in rejecting his ineffective assistance
of counsel claims. Neither argument has merit.

    Although the Warden did not provide Roberts with a copy of
the trial transcript when the motion for summary judgment was
filed, it is evident from Roberts' own summary judgment motion
that he has access to the trial transcript. Thus, this claimed

error is inconsequential.

Roberts' challenge to the Warden's failure to produce a transcript of the ineffective assistance of counsel hearing is equally unavailing. The state court judge who ruled on the ineffective assistance of counsel issue prepared a detailed written decision making findings and rulings on Roberts' ineffective assistance of counsel claims. Roberts has failed to offer any credible arguments that call the court's fact finding into question. Even if, as he claims, the transcript would reveal a conflict between his attorney's testimony and the testimony of the witnesses that counsel allegedly failed to adequately investigate, (See Petr.'s Mot. at 7), I would not be free to disregard the state court's reasonable resolution of this alleged conflict. Nor would any alleged admission by counsel at the hearing that she failed to cross-examine the state's rebuttal witness (See Petr.'s Mot. at 12) permit me to disregard the state court's decision to credit defense counsel's testimony. As these are the only specific instances in which Roberts claims the hearing transcript could support his petition, I need not order a transcript before ruling on the Warden's summary judgment motion.

In evaluating the merits of Roberts' habeas corpus petition, I employ the familiar standards of review required by the Anti-

Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254 and the familiar Strickland test for ineffective assistance of counsel claims. Strickland v. Washington, 466 U.S. 668, 687 (1984); Sleeper v. Spencer, 510 F.3d 32, 37-38 (1st Cir. 2007).

Roberts argues that I should disregard the trial court's rejection of his ineffective assistance of counsel claims because the court's rulings are based on an unreasonable determination of the facts. As the First Circuit explained in Sleeper, findings of fact by a state court are presumed to be correct and this presumption can be overcome only by "clear and convincing evidence to the contrary." Id. Here, even if I credit everything Roberts has to say about the state court hearing on his ineffective assistance of counsel claims, he does not come close to meeting this standard. As I have explained, the only two instances in which Roberts has posited a conflict between the state court's factual findings and the evidentiary record do not call into question the state court's ultimate rulings. Thus, they do not provide Roberts with a legitimate basis for his petition.

Having carefully reviewed the pleadings, the state court's rulings on the ineffective assistance claim and the relevant portions of the trial transcript, I am convinced that Roberts'

ineffective assistance of counsel claims were correctly rejected by the trial court.  Accordingly, I grant the Warden's motion for summary judgment (Doc. No. 6) and deny Roberts' cross-motion for summary judgment (Doc. No. 7).  The clerk is instructed to enter judgment for the defendant and close the case.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

September 15, 2009

cc:  Gary Roberts, pro se
     Elizabeth Woodcock, Esq.